United States District Court

Eastern District of California

John Eric Chatmon,

       Plaintiff,                No. Civ. S 05-1593 GEB PAN P

   vs.                          Order

Berry, et al.,

       Defendants.

-oOo-

    Plaintiff is a prisoner, without counsel, seeking leave to commence an action against prison officials for civil rights violations in forma pauperis pursuant to 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a).  Plaintiff must

1 make monthly payments of 20 percent of the preceding month's
2 income credited to his trust fund account.  28 U.S.C. §
3 1915(b)(2).  The agency having custody of plaintiff shall forward
4 payments from plaintiff's account to the clerk of the court each
5 time the amount in the account exceeds $10 until the filing fee
6 is paid.

7     Congress burdens this court with the task of scrutinizing,
8 at the outset of the litigation, each complaint in "a civil
9 action in which a prisoner seeks redress from a governmental
10 entity or officer or employee of a governmental entity."  28
11 U.S.C. § 1915A(a).  Under that rigorous review the court must
12 identify cognizable claims or dismiss the complaint, or any
13 portion of it, if it is frivolous, malicious, fails to state a
14 claim upon which relief may be granted, or seeks monetary relief
15 from a defendant who is immune from such relief.[1]  The court's
16 affirmative duty to screen prisoner plaintiffs' pleading makes
17 such cases unique.

18     The complaint in this action is so obscure that the court
19 cannot reasonably discharge its responsibility under § 1915A(a)
20 until plaintiff first satisfies his own duty to comply with the
21 pleading requirements set forth in Rule 8 of the Federal Rules of
22 Civil Procedure.  This rule requires the pleader to  set

23
24

25     [1]  What is more, the court cannot require defendants to reply to such
26 complaints without first determining plaintiff has a reasonable opportunity to
prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

forth his averments in a simple, concise, and direct manner.[2]
The degree of simplicity and conciseness required depends on the
subject matter of the litigation, the nature of the claims or
defenses presented and the number of parties involved.  Wright &
Miller, <u>Federal Practice & Procedure</u>, vol. 5 § 1281 & n. 12
(1990) (explaining that an antitrust or copyright pleading due to
its complexity, must be pleaded with more detail than a simple
negligence complaint).[3]

     In reviewing the complaint to determine if it states a claim
for relief, the court will construe plaintiff's pleading
liberally.  See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  The court
will not dismiss a complaint without first telling plaintiff what
the deficiencies are and giving him an opportunity to cure them.

---

     [2] A party need only plead in terms that are sufficient to provide the
necessary notice to his adversary, and evidentiary material supporting the
general statements normally should not be set out in the pleadings but rather
should be left to be brought to light during the discovery process.  Wright &
Miller § 1281 Rule 8 p. 519.

     [3] In this regard, the mere fact that this action falls into the
exclusive category the court must screen under § 1915A dictates a strict
interpretation of whether the pleading is sufficiently short and plain.  The
undersigned has over 200 such cases on his docket at any one time.  One
poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000
pages of material this court has an affirmative duty to review and screen (not
to mention the frequency with which a pro se prisoner's pleading must go
through amendment before service of process).  Both the defendants <u>and</u> the
court must select the relevant material from the mass of verbiage.  "[T]he law
does not require nor does justice demand that a judge must grope through
[thousands of] pages of irrational prolix and redundant pleadings, containing
matters foreign to the issue involved . . . in order to determine the grounds
for the [plaintiff's] complaint."  <u>Passic v. Michigan</u>, 98 F. Supp. 1015, 1016-
17 (D.C. Mich. 1951).  The court's transition to a paperless record system
greatly exacerbates the problem.

1  Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987); Eldridge v.

2  Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

3      But before undertaking to determine whether the complaint

4  may have merit, the court may insist upon compliance with its

5  rules.  McNeil v. United States, 508 U.S. 106 (1993) (federal

6  rules apply to all litigants, including prisoners lacking access

7  to counsel); Crawford-El v. Britton, 523 U.S. 574 (1998)

8  (encouraging "firm application" of federal rules in prisoner

9  cases).

10     Plaintiff's complaint violates Rules 8 and 20 of the Federal

11 Rules of Civil Procedure.

12     In reviewing plaintiff's complaint, the court is required to

13 guess who is being sued for what.  If the pleading were served in

14 its present form it would not give defendants fair notice of the

15 claims against them and, indeed, their best guess about the

16 nature of plaintiff's complaint may be quite different than the

17 court's.  See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996)

18 (court should be able to read the complaint in minutes, not

19 hours, and may consider the rights of defendants to be free from

20 costly and harassing litigation and other litigants waiting their

21 turns to have other matters resolved); see also Nevijel v. North

22 Coast Life Insurance Co., 651 F.2d 671 (9th Cir. 1971); Von

23 Poppenheim v. Portland Boxing & Wrestling Commission, 442 F.2d

24 1047 (9th Cir. 1971).

25     Plaintiff's task is modest.  He is not required to identify

26 the law that makes the alleged conduct wrong.  A pleader is free

4

1   to use his own language to state, simply and directly, the wrong

2   that has been committed, and clearly explain how each state actor

3   identified as a defendant was involved and what relief plaintiff

4   requests of each defendant.   <u>Jones v. Community Redevelopment</u>

5   <u>Agency of the City of Los Angeles</u>, 733 F.2d 646 (9th Cir. 1984);

6   <u>Johnson v. Duffy</u>, 588 F.2d 740 (9th Cir. 1978).

7        Plaintiff's complaint is dismissed with leave to amend.  If

8   he wishes to continue this litigation he must file an amended

9   complaint.

10       Plaintiff's amended complaint must adhere to the following

11   requirements:

12       A complaint must contain a caption including the name of the

13   court and the names of all parties.  Fed. R. Civ. P. 10(a).

14       More than one claim against a single defendant may be joined

15   in the same action.  Fed. R. Civ. P. 18(a).

16       Claims against different defendants may be joined in the

17   same action only if the claims arise from the same transactions

18   or occurrences.  Fed. R. Civ. P. 20(a).

19       Each claim founded upon a separate transaction or occurrence

20   must be set apart as a "separate count."  Within each count, the

21   circumstances that give rise to the claim must be alleged in

22   separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

23        These allegations must be short and plain, simple and

24   direct and describe the relief plaintiff seeks.  Fed. R. Civ. P.

25   8(a); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002);

26

1  <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir.

2  2002).[4]

3       Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

4       The amended complaint must be complete in itself without

5  reference to plaintiff's original complaint.  Local Rule 15-220.

6       Plaintiff is admonished that a prisoner pursuing civil

7  rights claims without counsel, like all other litigants, is

8  required to obey the court's orders, including an order to amend

9  his pleading.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992);

10 <u>Pagtalunan v. Galaza</u>, 291 F.3d 639 (9th Cir. 2002).  His failure

11 to obey the court's orders and the local and federal rules and

12 meet his responsibilities in prosecuting this action may justify

13 dismissal, including dismissal with prejudice.  <u>Ferdik</u>, 963 F.2d

14 1258 (affirming dismissal with prejudice for pro se prisoner's

15 failure to comply with order requiring filing of amended civil

16 rights complaint); <u>Pagtalunan</u>, 291 F.3d 639 (affirming dismissal

17 with prejudice for pro se prisoner's failure to comply with order

18 _____

19       [4]    Negligence is not actionable under 42 U.S.C. § 1983.  However, to
   illustrate the simplicity and brevity of statement contemplated by the rules
20 (<u>see</u> Fed. R. Civ. P. 84), this example of a complaint based upon an automobile
   accident is provided:

21       1.  Allegation of jurisdiction.
22       2.  On June 1, 1936, in a public highway called Boylston Street in
   Boston, Massachusetts, defendant negligently drove a motor vehicle
   against plaintiff who was then crossing said highway.
23       3.  As a result plaintiff was thrown down and had his leg broken
   and was otherwise injured, was prevented from transacting his business,
24 suffered great pain of body and mind, and incurred expenses for medical
   attention and hospitalization in the sum of one thousand dollars.
25       Wherefore plaintiff demands judgment against defendant in the sum
   of ____ dollars and costs.
26

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1   requiring filing of amended habeas petition); <u>Moore v. United</u>

2   <u>States</u>, 193 F.R.D. 647 (N.D. Cal. 2000) (denying motion for leave

3   to file third amended complaint and dismissing action with

4   prejudice for pro se plaintiff's failure to comply with Rule 8);

5   <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1232-33 (9th Cir. 1984)

6   (affirming dismissal with prejudice for pro se prisoner's failure

7   to prosecute); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988)

8   (affirming dismissal without prejudice for pro se prisoner's

9   failure to comply with local rule requiring he notify the court

10  of any change of address).

11      Accordingly, the court hereby orders that:

12      1.  Plaintiff's request to proceed in forma pauperis is

13  granted.  Plaintiff must pay a $250 filing fee.

14      2.  Plaintiff's complaint is dismissed with leave to amend

15  within 60 days.  Plaintiff shall file an original and one copy of

16  his amended complaint, which must bear the docket number assigned

17  to this case and be titled "Amended Complaint."  Failure to

18  comply with this order may result in a recommendation the action

19  be dismissed and, if warranted, that dismissal will be with

20  prejudice.

21      Dated:  December 27, 2005.

22                              /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
23                              Magistrate Judge

24

25

26