IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERIC CHATMON,

        Plaintiff,                     No. CIV S-05-1593 GEB EFB P

    vs.

BERRY, et al.,

        Defendants.             ORDER

                                 /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2005, plaintiff initiated this action by filing an original complaint against defendants Berry, Cook, Hurlbert, Wojack, and Craig. On January 25, 2006, plaintiff filed two amended complaints. One named only defendants Wojack and Craig, the other named defendants Berry, Cook, and Hurlbert. The former first amended complaint was filed and the latter was treated as an exhibit.

        The court ordered service of process on defendants Wojack and Craig on April 19, 2006. On October 4, 2006, plaintiff wrote to the court asking for service against defendants Berry, Cook, and Hurlbert. The court deemed this a motion to amend the complaint and granted plaintiff leave of 30 days in which to do so. Plaintiff has since filed motions on January 22, 2007, and March 1, 2007, seeking extensions of time in which to file an amended complaint.

1    Good cause appearing, the court will grant plaintiff's request.  In filing a second amended
2 complaint, plaintiff must demonstrate how the conditions complained of have resulted in a
3 deprivation of plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).
4 Also, the second amended complaint must allege in specific terms how each named defendant is
5 involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
6 or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423
7 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d
8 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation
9 in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.
10 1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
12 make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading.  This is
14 because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v.*
15 *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
16 original pleading no longer serves any function in the case.  Therefore, in a second amended
17 complaint, as in an original complaint, each claim and the involvement of each defendant must
18 be sufficiently alleged.  The court further cautions plaintiff that he must use only one form for
19 filing his second amended complaint, as his use of two forms in filing his first amended
20 complaint caused confusion resulting in only two defendants being served.

21    In accordance with the above, IT IS HEREBY ORDERED that:

22    1.  Plaintiff's January 22, 2007, motion is granted and plaintiff has 30 days from the date
23 this order is served to file and serve a motion to amend complaint together with a proposed
24 second amended complaint;

25 ////

26 ////

1   2. The Clerk of the Court is directed to send plaintiff a copy of the form used to file a
2  civil complaint in this district for the purpose of filing his second amended complaint;
3   3. The motion to dismiss filed by defendants Wojack and Craig on August 23, 2006, is
4  dismissed without prejudice to its refiling directed to the operative, second amended complaint
5  once it is served.
6  Dated: March 27, 2007.

_EDMUND F. BRENNAN_
UNITED STATES MAGISTRATE JUDGE